EMMA M. REMINGTON, PLAINTIFF IN ERROR, v. JAMES A. WRIGHT, DEFENDANT IN ERROR.

1. A threat of suicide made by a husband to a wife, to induce her to sign a promissory note, does not amount to duress, and cannot be set up by her as a defence to an action upon said note.
2. Proof of a parol contemporaneous promise, on the part of the payees, that the wife should not be called upon to pay the note, is not admissible in evidence.

In error to the Supreme Court. For opinion of Supreme Court, see 12 *Vroom* 48.

For the plaintiff in error, *R. S. Jenkins.*

For the defendant in error, *H. A. Drake.*

The opinion of the court was delivered by

THE CHANCELLOR. The plaintiff in error signed, with her husband, and as surety for him, in Illinois, two promis-

sory notes, payable to the order of Kent & Keith, which were delivered to that firm, and by it endorsed to the defendant in error, after maturity. Under the law of that state, the contracts were enforceable against her. Suit was brought against her thereon here, and she sets up two defences—one, that she signed the notes under duress of her husband's threat of suicide, and the other, that when she signed them, the payees promised that she should not be called upon to pay them. The Supreme Court held—and I think rightly—that both of these defences were unavailable. By the common law, the defence of duress, indeed, embraces threats of personal injury to husband, wife, parent or child, but its scope does not include a threat of suicide. Obviously, in view of the facility of making a defence on that ground, the difficulty of meeting it, and the temptation to fraudulent imposition it would hold out to allow it, it would be against public policy to extend the defence to that kind of pressure.

As to the other defence, it is enough to say, that to admit proof of a parol contemporaneous promise, on the part of the payees, that the wife should not be called upon to pay the notes, would be in violation of the familiar rule of evidence which excludes parol evidence to contradict the terms of written instruments.

The judgment of the Supreme Court should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, PARKER, SCUDDER, CLEMENT, COLE, DODD, GREEN, WHITTAKER.    10.

*For reversal*—DIXON, VAN SYCKEL.    2.